IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SANDRA LEE HUFFORD                                                          PLAINTIFF

V.                                          NO. 15-3039

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sandra Lee Hufford, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

Plaintiff filed her current application for DIB on September 6, 2012, alleging an inability to work since August 1, 2011, due to chronic neck pain C4,5,6 fused 2004, sciatic nerve, back, back spasms and pain, and macular degeneration. (Doc. 10, pp. 79, 169, 173). Plaintiff's date last insured is December 31, 2012. (Doc. 10, p. 169). Accordingly, the relevant time period for this DIB claim is from August 1, 2011, through December 31, 2013. An administrative hearing was held on September 19, 2013, at which Plaintiff appeared with counsel, and she and her husband testified. (Doc. 10, pp. 27-78).

By written decision dated February 7, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – degenerative disc disease of the cervical and lumbar spine. (Doc. 10, p. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 10, p. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally balance, stoop, and crouch. She can occasionally perform work overhead.

(Doc. 10, p. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a wire harness assembler and small products assembler. (Doc. 10, 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 24, 2015. (Doc. 10, pp. 5-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the

impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. § 404.1520, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff argues that the ALJ erred in his RFC determination because he has no support from any treating or examining physician and is undermined by the opinions of Dr. Shannon Brownfield, and further fails to provide restrictions relative to Plaintiff's exposure to heights and the affects temperature, humidity, dust and fumes have on her. (Doc. 9).

A. **Credibility Analysis**:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The Court finds there is substantial evidence to support the ALJ's credibility analysis.

**B.     RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

On October 16, 2012, Dr. Shannon H. Brownfield conducted a General Physical Examination. (Doc. 10, p. 263). Dr. Brownfield found that Plaintiff's range of motion in all extremities was normal, that she could perform all limb functions, and had normal grip in both hands. (Doc. 10, pp. 265-267). Dr. Brownfield diagnosed Plaintiff with cervicalgia s/p fusions and lower back pain with radiculopathy, and concluded that Plaintiff had moderate to

severe limitations in her neck and moderate to severe limitations in a prolonged position, stooping, bending, and lifting. (Doc. 10, p. 267).

On October 25, 2012, non-examining consultant, Dr. Alice M. Davidson, who had Dr. Brownfield's assessment before her, completed a Physical RFC Assessment, wherein she found that Plaintiff would be able to perform light work with certain postural restrictions and no overhead work. (Doc. 10, pp. 84-86). Another non-examining consultant, Dr. Steven Strode, completed a Physical RFC Assessment on December 17, 2012, wherein he also concluded that Plaintiff could perform light work with certain postural restrictions and no overhead work. (Doc. 10, p. 97).

There are additional medical records dated prior to the relevant time period and subsequent to the relevant time period, and the ALJ as well as the Court have considered all of these records.

The ALJ gave great weight to the opinions of Dr. Brownfield, Dr. Davidson, and Dr. Strode (Doc. 10, pp. 16-17), and also noted that no examining physician, other than Dr. Brownfield, placed any limitations on Plaintiff. (Doc.10, p. 19). The ALJ did not discredit or reject the opinion of any physician, and neither the medical records as a whole, nor during the relevant time period, establish the existence of greater functional limitations than those contained in the ALJ's RFC.

With respect to environmental limitations, as noted by Defendant, even if there were evidence that Plaintiff had such limitations, the issue would be moot, as neither of the two occupations the ALJ found Plaintiff could return to require exposure to such environmental conditions, as generally performed in the national economy. Dictionary of Occupational Titles §§ 728.684-010, 739.687-030.

6

Finally, while Plaintiff says she could not afford medication or additional healthcare, there has been no evidence presented that Plaintiff was ever declined treatment or medication for financial reasons.

### C.  Hypothetical Question to VE:

Although the Court believes there is substantial evidence to support the ALJ's decision relating to the above issues, and although Plaintiff failed to raise the following issue in his brief, the Court nevertheless finds that this matter should be remanded to the ALJ, because the Court believes there is an apparent conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert testimony. In his RFC, the ALJ limited Plaintiff to occasional overhead reaching. (Doc. 10, p. 17). The ALJ found Plaintiff could return to two of her past relevant positions, both of which require constant reaching. DOT §§ 728.684-101, 739.687-030. Consequently, there is a conflict between the DOT and the vocational expert's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the DOT said required frequent reaching).

When an apparent conflict between the DOT and vocational expert testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the vocational expert appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a vocational expert responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014).  In this

case, at the hearing, the ALJ instructed the VE that if any of his responses were inconsistent with the DOT, to please explain the inconsistency, to which the VE agreed. (Doc. 11, pp. 71-72). There is no indication in the VE's testimony that he was aware of any conflict or how he made such a determination. The Court therefore believes this failure to resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015). Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT and therefore, the VE's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the VE's testimony and the DOT.[1]

### IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, reverses and remands this matter to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 7th day of September, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.